**Giuseppe Waldo FUSARO, Plaintiff,**

v.

**Alva L. PILLIOD, etc., Defendant.**

**No. 61 C 250.**

United States District Court
N. D. Illinois, E. D.
Jan. 3, 1962.

O'Hara & Greenhouse, Chicago, Ill., for plaintiff.

James P. O'Brien, U. S. Atty., Chicago, Ill., for defendants.

WILL, District Judge.

This is an action seeking review of a final order of deportation entered by the Immigration and Naturalization Service. The complaint also prayed for a temporary restraining order against the threatened deportation.

Hearings have previously been held both on the motion for temporary restraining order, which was granted, and on the merits. The hearings on the merits, however, have not been completed but were interrupted and the cause remanded to the Immigration and Naturalization Service for a determination as to the competency of the plaintiff's wife when she withdrew her application for non-quota status on behalf of the plaintiff. The District Director of the Immigration and Naturalization Service has determined that plaintiff's wife was competent at that time. The next step in the proceedings is to complete the hearing on the merits.

During the first session of the last Congress, Public Law 87–301, 75 Stat. 650, § 5(b), 8 U.S.C.A. § 1105a note was enacted providing that a judicial proceeding to review an order of deportation which is "pending unheard in any district court of the United States on the effective date of this section" shall be transferred to the appropriate court of appeals for determination. The effective date of the section in question was September 26, 1961. The District Director has moved, pursuant to the foregoing provisions, to transfer this cause to the Court of Appeals for the Seventh Circuit on the ground that it was "pending unheard" on the effective date of the section in question.

This is apparently a case of first impression, there being no prior decisions interpreting the language, nor does the legislative history of the section furnish any clue as to the intention of Congress with respect thereto.

The government contends that a case is "pending unheard" until it has been submitted for final determination or decision. To adopt this interpretation would mean that a case in which substantial testimony had been taken and in which only very slight additional evidence was to be heard would be subject to transfer to the court of appeals where, presumably, the taking of testimony would have to be commenced *ab initio*.

In the absence of a clear indication that Congress intended to require such duplication of testimony, it may be presumed that the phrase "pending unheard" was meant to apply only to cases which were not in process of hearing and determination. This would include all cases in which only preliminary matters such as the filing of a complaint or a hearing on the issuance of a temporary restraining order had occurred prior to the effective date of the section in question.

In the instant case, testimony on the merits has been heard. Unless the Court of Appeals is to be asked to duplicate the presentation of such testimony, the hearing should be completed here.

The motion to transfer to the Court of Appeals is denied.